UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AVIVAH DE LA BRUERE | : | Civil Action No. 24-cv-1570-VDO |
| | : | |
| v. | : | |
| | : | |
| JESSE KIRBY & J. MICHAEL DOYLE | : | NOVEMBER 18, 2024 |

## AMENDED COMPLAINT

With this action, Avivah De La Bruere breaks the silence and seeks justice against Jesse Kirby for years of sexual abuse, exploitation, and an ongoing scheme to cover it up. When Avivah was 16 years old and Kirby a 30-year-old married father from the same tight-knit religious community, Kirby weaponized his authority as a male elder to groom and then repeatedly sexually assault her over several years. As Avivah got older, Kirby's predatory behavior included the use of "date rape" drugs and other illegal substances. When Avivah recently dared to break her silence, and bring just claims against Kirby, Kirby deployed Defendant J. Michael Doyle to threaten and intimidate her in a cover up scheme that is not only immoral, but illegal. Defendant Kirby's actions have inflicted severe, lasting emotional, psychological, and economic damage on Avivah. This complaint demands accountability for his reprehensible conduct, and seeks fair compensation for her suffering.

## JURISDICTION

1. Plaintiff Avivah De La Bruere is currently 30 years old and a citizen of Connecticut.

2. Defendant Jesse Kirby is currently 44 years old and a citizen of Massachusetts.

3. Defendant J. Michael Doyle is a citizen of Massachusetts.

4. Jurisdiction in this Court is proper because the parties are diverse and the amount in controversy is more than $75,000, excluding interest and costs.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff and Defendant Kirby first became acquainted when Plaintiff was a young child, as both were members of a religious group known as The Twelve Tribes.

6. Plaintiff's family left the Twelve Tribes when Plaintiff was approximately 13 years old.

7. In or around late 2009 or early 2010, when Plaintiff was 16 years old, Defendant Kirby began to take an inappropriate sexual interest in her.

8. At this time, Defendant Kirby was approximately 31 years old, married, and had two young children.

9. Defendant Kirby began contacting Plaintiff through Facebook messages, making comments about her appearance, and calling her "sexy" and "hot."

10. Plaintiff had grown up in an isolated religious environment, lacked a stable father figure, and in her vulnerable state was flattered by the attention from Defendant Kirby.

11. Defendant Kirby exploited Plaintiff's vulnerability and lack of life experience to manipulate her emotions and groom her for sexual abuse.

12. Defendant Kirby was aware that Plaintiff's family was struggling financially after leaving the Twelve Tribes, and he used this knowledge to further manipulate and exploit Plaintiff.

13. In early 2010, when Plaintiff was 16 years old, Defendant Kirby arranged to meet Plaintiff at a hotel where she was staying with her family in Connecticut. Kirby orchestrated the meeting by offering Plaintiff's parents work that required them to go on the road.

14. During this encounter, Defendant Kirby instructed Plaintiff to meet him in the men's bathroom of the hotel.

15. Growing up in the Twelve Tribes, Plaintiff and other children were conditioned from a young age to submit to sexual touching by male elders in the group. While this touching did not include penetration, the children were expected to allow the men to grope and fondle them without complaint. This dynamic instilled a sense of obedience to male authority figures that Defendant Kirby later exploited.

16. In the bathroom stall, Defendant Kirby exposed himself to the 16-year-old Plaintiff and, using his position of authority as an elder in their former religious group and as her father's employer, compelled Plaintiff to perform oral sex on him.

17. Later that same day, Defendant Kirby manipulated the situation to ensure Plaintiff's parents would be working late, allowing him to meet with Plaintiff again.

18. Defendant Kirby picked up Plaintiff in his car, where they used cocaine or marijuana together, further implicating Plaintiff's ability to consent.

19. Defendant Kirby then engaged in sexual activity with Plaintiff in his car, using force and his position of authority to compel her participation, until Plaintiff saw her parents returning and had to quickly leave.

20. Plaintiff's mother saw Defendant Kirby's car at the hotel and observed it pulling away, but did not confront Plaintiff about it at the time.

21. In or around February or March of 2010, shortly before Plaintiff's 17th birthday, Defendant Kirby arranged to meet Plaintiff in person again.

22. Defendant Kirby picked Plaintiff up in his car and drove to a secluded area in Canaan, Connecticut.

23. In the car, Defendant Kirby began kissing Plaintiff and then performed oral sex on her without her consent.

24. Defendant Kirby then sexually assaulted Plaintiff, causing her to bleed. This rape was Plaintiff's first experience of sexual intercourse.

25. When Plaintiff's father came looking for her, Defendant Kirby hid with Plaintiff in the car to avoid detection.

26. After sexually assaulting Plaintiff, Defendant Kirby brought her Plan B emergency contraception, which he left in her family's garage.

27. In the days and weeks that followed, Defendant Kirby continued to contact Plaintiff through Facebook messages, further manipulating her emotions and normalizing the sexual abuse.

28. Over the next several years, while Plaintiff was approximately 18-20 years old, Defendant Kirby repeatedly arranged to meet Plaintiff for sexual encounters, including at the Trump Hotel in New York City and elsewhere.

29. During these encounters, Defendant Kirby provided Plaintiff with drugs and alcohol, including MDMA (Ecstasy), cocaine, and oxycodone, rendering her mentally incapacitated and unable to consent to sexual intercourse.

30. On multiple occasions, when Plaintiff was approximately 18 to 20 years old, Defendant Kirby gave Plaintiff GHB, commonly known as a "date rape drug," causing her to black out to the extent that she was so mentally incapacitated she could not consent to sexual intercourse. Defendant Kirby then sexually assaulted Plaintiff while she was incapacitated.

31. Defendant Kirby exploited Plaintiff's drug use and emotional dependency on him to continue the pattern of sexual abuse.

32. Defendant Kirby's abuse and exploitation of Plaintiff continued through approximately 2016 or 2017, when Plaintiff was in her early twenties.

33. Throughout this period, Defendant Kirby was married with children and significantly older than Plaintiff.

34. In addition to the sexual abuse described above, Defendant Kirby engaged in extensive inappropriate electronic communications with Plaintiff when she was a minor. Facebook messages between Kirby and Plaintiff, attached hereto as Exhibit A and incorporated by reference, document Kirby's manipulative and predatory behavior. In these messages, Kirby repeatedly refers to his sexual desire for Plaintiff, describes sexual acts, and attempts to arrange secret meetings, all while Plaintiff was underage.

35. Plaintiff has preserved these Facebook messages and provided them to her sister as evidence of Defendant Kirby's wrongful conduct.

36. Throughout this period, Defendant Kirby was married with children and significantly older than Plaintiff.

37. Defendant Kirby used his age, experience, and position of authority to manipulate Plaintiff and prevent her from recognizing the abusive nature of their interactions.

38. In or around June 2023, when Plaintiff began considering coming forward about the abuse, Defendant Kirby enlisted the help of Defendant Michael Doyle to intimidate and threaten Plaintiff.

39. On or about June 17, 2023, Defendant Doyle came to Plaintiff's residence, claiming to be there on behalf of Defendant Kirby.

40. Defendant Doyle told Plaintiff that he and Defendant Kirby had been surveilling her for over a month.

41. Defendant Doyle threatened Plaintiff, stating that if she did not remain silent about Defendant Kirby's abuse, she would be sent to federal prison and her children would be taken away.

42. Defendant Doyle's actions were undertaken as an agent of Defendant Kirby, with the intent to prevent Plaintiff from disclosing Defendant Kirby's abusive conduct.

43. As a result of Defendants' actions, Plaintiff has suffered severe emotional distress, psychological trauma, difficulty maintaining relationships, substance abuse issues, and economic losses.

44. Plaintiff continues to suffer from the lasting effects of Defendants' abuse and intimidation and will require ongoing therapy and treatment.

## COUNT I: SEXUAL ASSAULT
**Against Jesse Kirby**

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Defendant Kirby committed sexual assault when he compelled Plaintiff, who was 16 years old at the time, to engage in sexual intercourse.

41. As a direct and proximate result of Defendant Kirby's actions, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, and economic losses.

WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT II: SEXUAL ASSAULT**
**Against Jesse Kirby**

47. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

48. On multiple occasions between 2011 and 2013, when Plaintiff was 18 to 20 years old, Defendant Kirby committed sexual assault when he engaged in sexual intercourse with Plaintiff while she was mentally incapacitated due to the influence of GHB and other drugs he had provided to her, rendering her unable to consent to such sexual intercourse.

49. As a direct and proximate result of Defendant Kirby's actions, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, and economic losses.

WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT IV: ASSAULT AND BATTERY**
**Against Jesse Kirby**

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Defendant Kirby intentionally engaged in harmful and offensive touching of Plaintiff's person without her consent.

52. Defendant Kirby's conduct placed Plaintiff in imminent apprehension of harmful contact.

53. Defendant Kirby's assault and battery of Plaintiff included, but was not limited to, sexual assault and other nonconsensual sexual acts.

54. As a direct and proximate result of Defendant Kirby's assaults and batteries, Plaintiff suffered physical and emotional injuries.

WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Against Jesse Kirby**

54. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

55. Defendant Kirby's conduct in sexually abusing Plaintiff as a minor, providing her with illegal drugs and alcohol, and manipulating her emotions over a period of years was extreme and outrageous.

56. Defendant Kirby intended to cause Plaintiff emotional distress or knew or should have known that emotional distress was the likely result of his conduct.

57. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

58. Defendant's conduct was the cause of Plaintiff's emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Against Both Defendants**

59. The paragraphs above are incorporated here as if fully restated herein.

60. Defendant Doyle's conduct in threatening and intimidating Plaintiff on behalf of Defendant Kirby was extreme and outrageous.

61. Defendant Doyle intended to cause Plaintiff emotional distress or knew or should have known that emotional distress was the likely result of his conduct.

62. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress.

63. Defendants' conduct was the cause of Plaintiff's emotional distress.

64. Both defendants are liable jointly and severally for this intentional infliction of emotional distress because Doyle's conduct was done at Defendant Kirby's direction.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**Against Jesse Kirby**

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Defendant Kirby's conduct in engaging in a sexual relationship with Plaintiff, a minor, created an unreasonable risk of causing her emotional distress.

50. Plaintiff's distress was foreseeable.

51. The emotional distress was severe enough that it might result in illness or bodily harm.

52. Defendant Kirby's conduct was the cause of Plaintiff's emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, costs, interest, and such other relief as the Court deems just and proper.

### COUNT VII: NEGLIGENCE PER SE - SEXUAL ASSAULT
**Against Jesse Kirby**

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. Defendant Kirby violated the criminal laws regarding sexual assault.

55. Plaintiff was within the class of persons intended to be protected by these statutes.

56. The injuries suffered by Plaintiff as a result of Defendant Kirby's conduct are of the type the statute was intended to prevent.

57. Defendant Kirby's violation of these statutes constitutes negligence per se.

58. As a direct and proximate result of Defendant Kirby's statutory violations, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, costs, interest, and such other relief as the Court deems just and proper.

### COUNT VIII: CIVIL CONSPIRACY
**Against Both Defendants**

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Defendants Kirby and Doyle entered into an agreement to intimidate and threaten Plaintiff to prevent her from disclosing Defendant Kirby's abusive conduct.

62. Defendants took overt acts in furtherance of their conspiracy, including but not limited to Defendant Doyle's visit to Plaintiff's residence and his threats against her.

63. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT IX: AIDING AND ABETTING
**Against Both Defendants**

64. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65. Defendant Doyle knew that Defendant Kirby's conduct constituted a breach of duty to Plaintiff.

66. Defendant Doyle gave substantial assistance to Defendant Kirby by threatening and intimidating Plaintiff on Kirby's behalf.

67. Defendant Doyle's assistance was a substantial factor in causing harm to Plaintiff.

68. Defendant Doyle's actions were undertaken as an agent of Defendant Kirby. Accordingly, both defendants are liable.

WHEREFORE, Plaintiff demands judgment against Defendant Doyle for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT X: OBSTRUCTION OF JUSTICE**
**Against Both Defendants**

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. Defendants Kirby and Doyle willfully endeavored to influence, obstruct, and impede the due administration of justice by threatening and intimidating Plaintiff to prevent her from reporting Defendant Kirby's criminal conduct to law enforcement authorities.

53. Defendants' actions were intended to prevent the communication of information relating to the commission of a criminal offense to a law enforcement officer.

54. Defendant Doyle's actions were undertaken as Defendant Kirby's agent.

55. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT XI: INTIMIDATION OF A WITNESS**
**Against Both Defendants**

55. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Defendants Kirby and Doyle, believing that an official proceeding was pending or about to be instituted, attempted to induce Plaintiff to withhold testimony and information from law enforcement authorities through the use of threats and intimidation.

57. Defendants' actions were intended to influence, delay, and prevent the testimony of Plaintiff in an official proceeding.

58. Defendant Doyle's actions were undertaken as an agent of Defendant Kirby.

59. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT XII: INVASION OF PRIVACY**
**Against Both Defendants**

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

60. Defendants Kirby and Doyle intentionally intruded upon the solitude and seclusion of Plaintiff by conducting surveillance on her for over a month without her knowledge or consent.

61. This intrusion would be highly offensive to a reasonable person.

62. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

63. Defendant Doyle's actions were undertaken as an agent for Defendant Kirby.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT XIII: NEGLIGENCE PER SE - THREATENING (Conn. Gen. Stat. §§ 53a-61aa and 53a-62)**
**Against Both Defendants**

63. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64. Connecticut General Statutes § 53a-61aa (Threatening in the first degree) prohibits, inter alia, threatening to commit any crime of violence with the intent to cause serious public inconvenience or in reckless disregard of the risk of causing such inconvenience.

65. Connecticut General Statutes § 53a-62 (Threatening in the second degree) prohibits, inter alia, intentionally placing or attempting to place another person in fear of imminent serious physical injury by physical threat, or threatening to commit any crime of violence with the intent to terrorize another person.

66. Defendants Kirby and Doyle violated these statutes when they threatened Plaintiff, stating that if she did not remain silent about Defendant Kirby's abuse, she would be sent to federal prison and her children would be taken away.

67. Specifically, Defendants' actions constitute a violation of: a. Conn. Gen. Stat. § 53a-61aa(a)(2)(A) and (B), as they threatened to commit crimes of violence (false imprisonment and kidnapping) with the intent to cause serious public inconvenience and in reckless disregard of the risk of causing such inconvenience; and b. Conn. Gen. Stat. § 53a-62(a)(1) and (2), as they intentionally attempted to place Plaintiff in fear of imminent serious physical injury by physical threat and threatened to commit crimes of violence with the intent to terrorize Plaintiff.

68. Plaintiff was within the class of persons intended to be protected by these statutes.

69. The injuries suffered by Plaintiff as a result of Defendants' conduct are of the type the statutes were intended to prevent.

70. Defendants' violations of these statutes constitute negligence per se.

71. Both defendants are liable because Defendant Doyle's actions were undertaken as an agent of Defendant Kirby.

72. As a direct and proximate result of Defendants' statutory violations, Plaintiff has suffered damages, including severe emotional distress, psychological trauma, and economic losses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

Dated at NEW HAVEN, Connecticut, this day of November, 2024.

    PLAINTIFF

    By: __/s/__ Alexander T. Taubes
    Alexander T. Taubes
    470 James Street
    Suite 007
    New Haven, CT 06513
    (203) 909-0048
    alextt@gmail.com